### ERNEST NEWBILL V. THE STATE.

No. 11314.    Delivered January 4, 1928.

**1.—Sale of Intoxicating Liquor—Charge of Court—On Alibi—Held Correct.**

Where the court instructed the jury that if they believed from the evidence that at the time of the alleged sale, defendant was not present, or if the jury had a reasonable doubt thereof to find defendant not guilty, this was a sufficient charge on the defense of alibi.

**2.—Same—Charge of Court—On Verdict by Lot—Not Improper.**

It was not improper for the court to instruct the jury that if they found appellant guilty, they should not arrive at their verdict by any form of lot, such as adding up the number of years each juryman favored, and dividing the whole by twelve.

Appeal from the District Court of Lubbock County.    Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Vickers, Campbell & Schenck* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor, punishment two years in the penitentiary.

We find in the record no bills of exception. The facts amply support the verdict of the jury. We are not in accord with appellant's objections to the charge. The defense was an alibi. The court told the jury that if they believed from the evidence that at the time of the alleged sale, if any, defendant was not present, or if the jury had a reasonable doubt thereof, they should find defendant not guilty. The state's testimony to the facts involved was positive. We believe the charge sufficient.

Complaint is made of the court's action in telling the jury that if they found the defendant guilty they should not arrive at their verdict by any form of lot such as adding up the number of years each juryman favored and dividing the whole by twelve. We think the complaint of this without merit.

The judgment is affirmed.

*Affirmed.*